IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **Eugene Volokh**,<br><br>    *Plaintiff*,<br><br>                v.<br><br>**Williamson County Archives & Museum;**<br>**Bradley Boshers**, Archives Director for the Williamson County Archives & Museum.<br>**Williamson County Circuit Court Clerk;**<br>**Debbie McMillan Barrett**, Circuit Court Clerk.<br><br>    *Defendants*. | Case No.: |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.      Introduction

1.      On February 4, 2025, Plaintiff Eugene Volokh's assistant emailed Defendant Williamson County Circuit Court Clerk to request documents related to *Garramone v. Curtsinger*, Case No. 22-CV-602, a case in Williamson County Circuit Court. The Clerk's office, managed by Defendant Debbie McMillan Barrett, the Circuit Court Clerk, denied the request and directed Mr. Volokh's assistant to request the records through a different agency.

2.      Pursuant to the Tennessee Public Records Act ("TPRA"), on February 5, 2025, Plaintiff Eugene Volokh requested the court documents from the Williamson County Archives

and Museum. Bradley Boshers, the Archives Director, refused the request because Mr. Volokh was not a Tennessee citizen.

3. Defendants' denial of the records request violates Mr. Volokh's right of access to judicial records under the First Amendment of the United States Constitution.

4. Defendants' denial of the records request based on Mr. Volokh's state citizenship status violates the Privileges and Immunities Clause of the United States Constitution.

## II. Jurisdiction and Venue

5. This lawsuit is brought pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343, as this action seeks redress for civil rights violations under 42 U.S.C. § 1983. This Court has jurisdiction over claims seeking declaratory and injunctive relief pursuant to 28 U.S.C. § 2201 and 2202.

6. Venue is proper under 28 U.S.C. § 1391(b)(1) because all Defendants are located within the Middle District of Tennessee. Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in Williamson County, located within the Middle District of Tennessee.

7. Mr. Volokh's federal claim for relief is brought pursuant to 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured by the First Amendment and the Privileges and Immunities Clause of the United States Constitution and laws of the United States.

8. Mr. Volokh's claim for attorneys' fees and costs is predicated upon 42 U.S.C. § 1988, which authorizes the award of attorneys' fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. § 1983.

2

### III. Parties

9. Plaintiff Eugene Volokh is a United States citizen and a current resident of Santa Clara County, California. Mr. Volokh is a Senior Fellow at the Hoover Institution at Stanford University and an emeritus professor at the University of California, Los Angeles School of Law. Mr. Volokh is a prominent litigator and First Amendment scholar with a particular focus on access to courts.

10. The Williamson County Archives and Museum is a department of the Williamson County government. The Williamson County Archives and Museum is located at 611 W. Main St., Franklin, TN 37064.

11. Bradley Boshers is sued in his official capacity as the Archives Director at the Williamson County Archives & Museum.

12. The Williamson County Circuit Court Clerk's office is responsible for maintaining all records in the Williamson County Circuit and General Sessions Court. The Williamson County Circuit Court Clerk's office is located at the Williamson County Judicial Center, 135 4th Ave South, Franklin, TN 37064.

13. The Williamson County Circuit Court Clerk's office is required by TENN. CODE ANN. § 18-1-105 to enter the minutes of the court, file and enter all documents, pleadings, papers and exhibits, invest funds under the Clerk's control, keep rule and execution dockets, and perform all other duties as required by law.

14. Debbie McMillan Barrett is sued in her official capacity as the Circuit Court Clerk for the Williamson County Circuit Court Clerk's office.

### IV. Factual Allegations

15. Mr. Volokh is the Thomas M. Siebel Senior Fellow at the Hoover Institution at Stanford University—a public policy think tank that promotes personal and economic liberty,

free enterprise, and limited government. *Eugene Volokh*, Hoover Institution, https://www.hoover.org/profiles/eugene-volokh.

16. Mr. Volokh has authored several textbooks including *The First Amendment and Related Statutes* (8th ed., 2024) and *Academic Legal Writing* (5th Ed., 2016), as well as more than one hundred law review articles. *Id.*

17. Mr. Volokh is a member of the American Law Institute. He is also the founder and coauthor of *The Volokh Conspiracy*, a leading legal blog, and host of *Free Speech Unmuted*—a video podcast series sponsored by the Hoover Institution. *Id.*

18. Mr. Volokh's work has been cited in more than three hundred court opinions, including ten Supreme Court cases, and in over five thousand academic articles. *Id.*

19. Mr. Volokh is also a prominent litigator, having filed briefs in more than one hundred cases and has argued in over forty appellate cases in state and federal courts. *Id.*

20. On February 4, 2025, Mr. Volokh's assistant emailed the Williamson County Circuit Court Clerk to request documents related to *Garramone v. Curtsinger*, Case No. 22-CV-602, a case in Williamson County Circuit Court. (Exhibit A at 1.)

21. The request for documents sought production of the *ex parte* temporary order of protection, the actual *ex parte* order, the respondent's counter-petition, and any responses or replies relating to the petition and the counter-petition. (Exhibit A at 1.)

22. Angel Buttrey, the Deputy Clerk, directed Mr. Volokh's assistant to request the records from Mr. Boshers at the Williamson County Archives and Museum, which he did. (Exhibit A at 3.)

23. Mr. Boshers replied on February 5, 2025, directing the inquiry to the Williamson County Circuit Court Clerk's office. (Exhibit A at 2.)

24. Mr. Volokh's assistant responded to Mr. Boshers with a screenshot of an email

from Angela Buttrey, the Deputy Clerk of the Williamson County Circuit Civil Clerk's Office, directing Mr. Volokh's assistant to Mr. Boshers and the Williamson County Archives and Museum. (Exhibit A at 3.)

25. Williamson County Archives "collects, preserves, and provides access to county records" and "other historical documents" to "make them available to the public." *Williamson County Archives & Museum*, Williamson County Tennessee, https://www.williamsoncounty-tn.gov/26/Archives-Museum.

26. Williamson County Archives maintains "wills, court records, maps, newspapers, and more" in a variety of formats including "original paper documents, bound record books, microfilm rolls, and scanned images." *Id.*

27. Mr. Boshers then requested Mr. Volokh's assistant fill out a form and provide proof of Mr. Volokh's Tennessee residency as required by TENN. CODE ANN. § 10-7-503(a). (Exhibit A at 4.)

28. Since Mr. Volokh does not reside in Tennessee, Mr. Boshers denied Mr. Volokh's public records request. (Exhibit A at 4.)

29. Mr. Volokh objected to Mr. Boshers' interpretation and application of the Tennessee Public Records Act but was denied once again. This suit followed.

V. Claims

**Count I – Violation of the First Amendment Right of Access to Judicial Records**

30. Plaintiff incorporates the allegations of Paragraphs 1 through 29 of the Complaint as if fully set forth herein.

31. At all times relevant to this Complaint, Ms. Barrett was acting under the color of state law as the Circuit Court Clerk for the Williamson County Circuit Court Clerk's office. *See* 42 U.S.C. § 1983.

32. At all times relevant to this Complaint, Mr. Boshers was acting under the color of state law as the Archives Director for the Williamson County Archives and Museum. *See* 42 U.S.C. § 1983.

33. There is a First Amendment right of access to court records. "There can be no doubt that the public has both a constitutional and common law presumptive right of access to civil proceedings and judicial records." *See In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)) (internal quotations omitted).

34. Mr. Volokh sought to exercise his First Amendment right to access civil court records. *See id.*

35. First Amendment rights are enjoyed by all Americans, not just Tennessee citizens.

36. By denying Mr. Volokh's direct request for civil court documents, Defendants Williamson County Circuit Court Clerk and Ms. Barrett violated Mr. Volokh's First Amendment right of access to court records. *See id.*

37. By conditioning access to the requested records on citizenship, Defendants Williamson County Archives and Museum and Mr. Boshers prevented Mr. Volokh from exercising his First Amendment right to access judicial records. *See id.*

**Count II – Violation of the Privileges and Immunities Clause**

38. Plaintiff incorporates the allegations of Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. 42 U.S.C. § 1983 prohibits Defendants from depriving Mr. Volokh of "rights, privileges and immunities secured by the constitutional laws" of the United States.

40. U.S. Const. art. IV, § 2, cl. 1 provides that "[t]he citizens of each state shall be

6

Case 3:25-mc-09999   Document 544   Filed 06/24/25   Page 6 of 8 PageID #: 23102

entitled to all Privileges and Immunities of Citizens in several states."

41. Mr. Volokh is an American citizen, currently residing in Santa Clara County, California.

42. The Privileges and Immunities Clause "prevents a state from discriminating against citizens of other states in favor of its own." *See Hague v. Comm. for Indus. Org.*, 307 U.S. 496, 511 (1939).

43. Under the Privileges and Immunities Clause, a state may not discriminate against people who are not citizens of that state from the ability to "engage in a central activity or exercise of a basic right." *See Baldwin v. Fish & Game Comm'n*, 436 U.S. 371, 387 (1978).

44. The First Amendment is a fundamental right under our constitutional structure. *See Marsh v. State of Ala.*, 326 U.S. 501, 509 (1946).

45. Defendants Williamson County Archives and Museum and Mr. Boshers' denial of Mr. Volokh's records request based on TPRA's residency requirement imposes an impermissible barrier to Mr. Volokh's ability to pursue his litigation and research—one that Tennessee residents do not face.

46. As such, TPRA's limitation on access to judicial public records to only "citizens of Tennessee" prevents Mr. Volokh from accessing the records he seeks in violation of his fundamental First Amendment right of access to judicial records guaranteed under the Privileges and immunities Clause of the United States Constitution.

## VI. Request for Relief

THEREFORE, Plaintiff respectfully requests relief as follows:

A. A declaration that Defendants Williamson County Archives and Museum and Mr. Boshers' administration and enforcement of the Tennessee Public Records Act violates Mr. Volokh's First Amendment right to access judicial records.

B. A declaration that Defendants Williamson County Archives and Museum and Mr. Boshers' administration and enforcement of the Tennessee Public Records Act violates the Privileges and Immunities Clause of the United States Constitution.

C. A declaration that Defendants Williamson County Circuit Court Clerk and Ms. Barrett violated Mr. Volokh's First Amendment right of access to court records by denying Mr. Volokh access to civil court records.

D. An injunction ordering Defendants to provide the requested documents.

E. An award of costs and attorneys' fees under 42 U.S.C. § 1988.

F. Any other such relief that the Court deems just and equitable.

Respectfully submitted,

*/s/ Susan L. Kay*
SUSAN L. KAY (BPR# 006630)
JENNIFER SAFSTROM*
Jennifer.safstrom@vanderbilt.edu
RYAN RIEDMUELLER*
Ryan.riedmueller@vanderbilt.edu
Vanderbilt Law School Stanton Foundation
First Amendment Clinic
131 21st Ave
South Nashville,
TN 37203-1181
Telephone: (615) 322-4964
\* *Motions for admission forthcoming*

*Counsel for Eugene Volokh*